UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| LOREN CORNETT, | ) |
| | ) CIVIL COMPLAINT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE No. 18-cv-654 |
| ALLIED INTERSTATE LLC | ) |
| | ) |
| Defendant. | ) |
| | ) **JURY DEMAND** |

## COMPLAINT

Now comes LOREN CORNETT ("Plaintiff"), complaining as to the conduct of ALLIED INTERSTATE LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*, and Ohio common law.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Ohio and substantial portion of the events giving rise to the claims occurred within the Southern District of Ohio.

**PARTIES**

4. Plaintiff is a natural person residing within the Southern District of Ohio.

5. Defendant is a third-party debt collector registered as a Limited Liability Company in Minnesota (and headquartered there). Defendant is licensed to do business in Ohio and regularly collects upon consumers located in the state of Ohio.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. In July and August 2018, Plaintiff has been receiving calls to his phone, 513-XXX-5961, from Defendant.

8. Defendant has called Plaintiff to collect upon an alleged Fifth Third bank overdraft charge incurred on Plaintiff's old Fifth Third bank account, which was used for day-to-day consumption and living.

9. The amount of the alleged charge is purported $74.

10. Defendant called Plaintiff's cell phone from the number 877-488-6438, which it regularly uses to collect from consumers.

11. Defendant called Plaintiff on July 16, 2018 at 5:55 P.M. for a duration of 8 seconds.

12. Defendant called Plaintiff on July 17, 2018 at 7:13 P.M. for a duration of 6 minutes 53 seconds.

13. Plaintiff informed Defendant on this call that he wished for Defendant to stop calling him.

14. Defendant called Plaintiff on July 24, 2018 at 7:01 P.M. for 5 seconds.

15. Defendant called Plaintiff on July 30, 2018 at 7:14 P.M. for 6 seconds.

16. Defendant called Plaintiff on July 31, 2018 at 7:12 PM for 11 seconds.

17. Defendant called Plaintiff on August 3, 2018 at 2:39 P.M. for 10 seconds.

18. Defendant called Plaintiff on August 3, 2018 at 3:28 P.M. for 5 seconds.

19. Defendant called Plaintiff on August 3, 2018 at 8:58 P.M. for 12 seconds.

20. Defendant called Plaintiff on August 6, 2018 at 12:36 P.M. for 10 seconds.

21. Defendant called Plaintiff on August 6, 2018 at 6:27 P.M. for 6 seconds.

22. Defendant called Plaintiff on August 6, 2018 at 9:33 P.M. for 13 seconds.

23. Defendant called Plaintiff on August 7, 2018 at 12:07 A.M. for 10 seconds.

24. Defendant called Plaintiff on August 7, 2018 at 1:47 P.M. for 11 seconds.

25. Defendant called Plaintiff on August 7, 2018 at 6:52 P.M. for 5 seconds.

26. Defendant called Plaintiff on August 8, 2018 at 12:50 A.M. for 11 seconds.

27. Defendant called Plaintiff on August 8, 2018 at 3:59 P.M. for 13 seconds.

28. Defendant called Plaintiff on August 8, 2018 at 10:55 P.M. for 11 seconds.

29. Defendant called Plaintiff on August 9, 2018 at 12:27 A.M. for 12 seconds.

30. Defendant called Plaintiff on August 9, 2018 at 3:30 P.M. for 11 seconds.

31. Defendant called Plaintiff on August 9, 2018 at 6:47 P.M. for 11 seconds.

32. Defendant called Plaintiff on August 9, 2018 at 10:08 P.M. for 11 seconds.

33. Defendant called Plaintiff on August 10, 2018 at 12:14 A.M. for 2 minutes 33 seconds.

34. Defendant called Plaintiff on August 13, 2018 at 4:06 P.M. for 6 seconds.

35. Defendant called Plaintiff on August 13, 2018 at 7:13 P.M. for 11 seconds.

36. Defendant called Plaintiff on August 13, 2018 at 9:02 P.M. for 38 seconds.

37. Defendant called Plaintiff on August 14, 2018 at 12:55 P.M. for 11 seconds.

38. Defendant called Plaintiff on August 14, 2018 at 7:09 P.M. for 4 seconds.

39. Defendant called Plaintiff on August 14, 2018 at 8:56 P.M. for 33 seconds.

40. Plaintiff has told Defendant to stop calling him multiple times.

41. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to loss of sleep, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased usage of his telephone services.

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff realleges the paragraphs above as though fully set forth herein.

43. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

44. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it

[ 4 ]

uses the instrumentalities of interstate commerce to do so. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

45. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

46. The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, namely as fee on a consumer bank account.

      a.    **Violations of FDCPA § 1692c(a)(1)**

47. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(1), prohibits a debt collector, from calling a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location."

48. Defendant violated § 1692c(a)(1) by calling Plaintiff before 8:00 A.M. and after 9:00 P.M.

49. Receiving calls at this time had the natural consequence of inconveniencing Plaintiff and causing him to lose sleep.

[ 5 ]

    **b.**  **Violations of FDCPA § 1692d.**

  50.  The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

  51.  Defendant violated § 1692d(5) when it continuously called Plaintiff after being notified to stop. This systematic behavior of repeatedly calling Plaintiff's phone despite his demand to stop was harassing and abusive.

  52.  Defendant further violated § 1692d(5) by repeatedly engaging Plaintiff in telephone conversation.

  53.  The frequency of calls (multiple times per day, often within short times of each other), the pattern of repeatedly calling Plaintiff after midnight, and Defendant's refusal to cease calling Plaintiff after Plaintiff instructed Defendant to stop calling indicate that Defendant's intent was to annoy and harass Plaintiff.

    **c.**  **Violations of FDCPA § 1692f.**

  54.  The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

  55.  Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff past midnight. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without

his permission is unfair and unconscionable behavior.  These means employed by Defendant only served to irritate, anger, and frustrate Plaintiff.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

56. Plaintiff realleges the above paragraphs as though fully set forth herein.

57. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

58. Plaintiff is a "person" as defined by R.C. 1345.01(B).

59. Defendant is a "supplier" as defined by R.C. 1345.01(C).  *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

60. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

61. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

62. Under the CSPA, the Court may award a multiplier for attorney fees for contingency fee cases, such as this one.  *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) (citing *Bittner v. Tri-Cty. Toyota, Inc.*, 569 N.E.2d 464 (Ohio 1991)).

63. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

64. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq.*  *See, e.g., Kelly v. Montgomery Lynch & Assocs.*,

*Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

65. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

66. Defendant has further committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA, R.C. 1345.02(A) and 1345.03(A), by engaging in or using unfair means to collect a debt.

67. Defendant has committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA by communicating with Plaintiff after being told to stop and by placing an oppressive number of telephone calls to Plaintiff.

68. Such acts and practices have been previously determined by Ohio courts to violate the CSPA. *See, e.g., State ex rel. Celebrezze v. Scandinavian Health Spa, Inc.*, No. CV863-1158, 1986 WL 363150, at *2 (Ohio Com. Pl. Mar. 31, 1986) ("A supplier who, in its collection of consumer debts, engages in acts, the natural consequence of which is to harass consumers violates O.R.C. § 1345.02(A)"); *State ex rel. Fisher v. Lasson*, No. CV 92 10 0193, 1994 WL 912252, at *5 (Ohio Com. Pl. Oct. 14, 1994) (repetitive calls can be unconscionable).

69. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

[ 8 ]

## **COUNT III — INVASION OF PRIVACY**

70. Plaintiff realleges the paragraphs above as though fully set forth herein.

71. Ohio recognizes a cause of action for invasion of privacy based on "wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Sustin v. Fee*, 69 Ohio St.2d 143, 145, 431 N.E.2d 992, 993 (Ohio 1982) (quoting *Housh v. Peth*, 165 Ohio St. 35, 133 N.E.2d 340 (Ohio 1956)).

72. Defendant invaded Plaintiff's privacy and intruded on his solitude and seclusion by intentionally and persistently causing his home phone to ring day and night, and by attempting to speak with him after midnight.

73. Defendant's pattern of repeatedly calling Plaintiff after midnight was so outrageous that it would cause shame or humiliation to a person of ordinary sensibilities, and Plaintiff was injured by this conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment as follows:

**a.** Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

**b.** Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

**c.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

**d.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

**e.** Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees;

**f.** Awarding Plaintiff's counsel an enhancement or multiplier of attorney fees pursuant to the CSPA;

**g.** Awarding Plaintiff the costs of this action; and

**h.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**


Dated:  September 17, 2018

By:  s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
www.hiltonparker.com